IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANASTASIA HEATHER MCCURTAIN,     )
                                 )
    Plaintiff,                   )
                                 )
v.                               )    Case No. CIV-16-1321-F
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of the Social Security )
Administration,                  )
                                 )
    Defendant.                   )

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2]. The case has been referred for initial proceedings by United States District Judge Stephen P. Friot in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

Plaintiff is required to pay a fee of $400.00 to commence her civil action.[1] Pursuant to 28 U.S.C. § 1915(a), however, a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783 at *1 (10th Cir. April 23, 1999) (unpublished op.) ("The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court."). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Proceeding in forma pauperis "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. State of Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed in forma pauperis, the movant must show a financial inability to pay the

---

[1] The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $50.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

required filing fees. *Lister*, 408 F.3d at 1312. Factors the court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted). But, "a person should not be denied the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not 'absolutely destitute.'" *Id.* (citation omitted).

A review of Plaintiff's Application demonstrates that she has the ability to pay the $400.00 filing fee. The Court has taken into consideration the income of Plaintiff's spouse in making this determination. *See generally Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1155 (D. Kan. 2001) (recognizing that "[i]n a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915") (collecting cases); *see also Jackson v. United States Dep't of Army*, No. 14-4034, 2014 WL 2761142 at *1 (D. Kan. June 18, 2014) (unpublished op.) (denying application to proceed in forma pauperis based, in part, on spouse's current employment and "substantial annual salary").

Considering all of the expenses listed by Plaintiff, her spouse's monthly income exceeds the monthly expenses in an amount sufficient to allow payment of the filing fee. *Compare Brewer*, 24 F. App'x at 979 (denying request to proceed in forma pauperis where the plaintiff's "monthly income exceed[ed] his monthly expenses by a few hundred dollars"); *see also Westgate v. Astrue*, No. 08-4136-JAR, 2008 WL 5110906 at *1 (D. Kan. Dec. 2, 2008) (unpublished op.) (denying in forma pauperis motion where total monthly income from all sources exceed[ed] [the plaintiff's] monthly expenses by $364.00" and therefore, the plaintiff

"would be able to pay the filing fee in th[e] case by using his discretionary income from one month"). In addition, Plaintiff identifies savings in a checking or savings account in an amount sufficient to pay the filing fee. These factors weigh against Plaintiff demonstrating she qualifies to proceed in forma pauperis.[2] Therefore, upon careful consideration, the Court finds that Plaintiff is not entitled to the requested relief.

## RECOMMENDATION

It is recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] be denied. It is further recommended that if Plaintiff does not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to refiling, pursuant to LCvR 3.3(e).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of her right to object to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objection must be filed with the Clerk of the Court on or before December 12, 2016. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 21st day of November, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff identifies a number of debts but does not set forth these debts as "regular monthly expenses." While the debts appear significant, the monthly income of Plaintiff's spouse exceeds her monthly expenses by approximately $1000.00 per month. This factor, coupled with the amount identified in a checking or savings account, demonstrates that Plaintiff appears to have adequate funds to pay the filing fee.

3